IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01077-BNB

ANTHONY D. LOCKE,
    Applicant,

v.

FREDERICK M. BACH, Chief U.S. Probation Officer,
    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 15 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Anthony D. Locke has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence.  On May 15, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Locke to show cause why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255.  On May 26, 2009, Mr. Locke filed his response to the show cause order.

The Court must construe the application and the response to the show cause order liberally because Mr. Locke is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Locke was convicted of several drug-related offenses and he was sentenced to ninety-seven months in prison and five years of supervised release.  *See United*

*States v. Locke*, No. 96-cr-00418-ZLW-23 (D. Colo. Dec. 23, 1997). The judgment of

conviction was affirmed on direct appeal. *See United States v. Locke*, No. 97-1456,

1998 WL 717265 (10th Cir. Oct. 14, 1998). In 1999, Mr. Locke filed in his criminal case

a motion pursuant to 28 U.S.C. § 2255 asserting forty-two claims challenging the

validity of his conviction and sentence. The Court denied the § 2255 motion on May 25,

2001. On May 20, 2002, the United States Court of Appeals for the Tenth Circuit

denied Mr. Locke a certificate of appealability and dismissed his appeal from the order

denying the § 2255 motion. *See United States v. Locke*, 35 F. App'x 780 (10th Cir.

2002). Mr. Locke claims in the instant habeas corpus application that his conviction

must be vacated because the indictment lacked several essential elements and did not

provide adequate notice of the crimes charged in violation of his constitutional rights.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A

petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity and must be filed in the district where the prisoner is confined." *Bradshaw v.

Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the

legality of detention and must be filed in the district that imposed the sentence." *Id*.

(citation omitted). "The purpose of section 2255 is to provide a method of determining

the validity of a judgment by the court which imposed the sentence, rather than by the

court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365,

366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C.

§ 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded

by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Magistrate Judge Boland ordered Mr. Locke to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him pursuant to § 2255. Mr. Locke argues in his response to Magistrate Judge Boland's show cause order that the remedy available pursuant to § 2255 was not adequate or effective because his defective indictment claim could not have been raised in his § 2255 motion. Mr. Locke explains that, because his defective indictment claim should have been raised on direct appeal, the defective indictment claim could not be raised in a § 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice. Mr. Locke further asserts that, although counsel failed to raise the defective indictment claim on direct appeal, the defective indictment claim could not be raised adequately in a § 2255 motion as an ineffective assistance of appellate counsel claim because an ineffective assistance of appellate counsel claim would not challenge directly the adequacy of the indictment. Mr. Locke did challenge the indictment in his § 2255 motion in the context of his ineffective assistance of counsel claims. The Court rejected all of Mr. Locke's ineffective assistance of counsel claims in the § 2255 motion on the merits.

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001). The simple fact that Mr. Locke has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. Locke likely is barred from raising his defective indictment claim in a second or successive § 2255 motion, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

Mr. Locke's arguments that the remedy available pursuant to § 2255 was inadequate or ineffective because his defective indictment claim should have been raised on direct appeal and because his defective indictment claim could not be raised adequately in a § 2255 motion in the context of an ineffective assistance of appellate counsel claim lack merit. Mr. Locke is correct that a claim not raised on direct appeal cannot be raised in a § 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Therefore, his failure to raise the defective indictment claim on direct

appeal created additional hurdles to raising the claim in a § 2255 motion. However, these additional hurdles are not insurmountable and, if direct appeal counsel in fact was ineffective for failing to raise the defective indictment claim, that would establish cause and the reviewing court would be required to determine if Mr. Locke suffered prejudice by examining the merits of the that claim. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1992). The Court does not find that Mr. Locke was prejudiced in any way by having the merits of his defective indictment claim considered indirectly in the context of an ineffective assistance of appellate counsel claim. Therefore, the Court finds that Mr. Locke fails to demonstrate the remedy available to him pursuant to § 2255 was inadequate or ineffective.

Finally, Mr. Locke asks the Court to grant a writ of coram nobis if the Court determines that his claims cannot be raised pursuant to § 2241. This request will be denied. "As courts have explained, a prisoner may not challenge a sentence or conviction for which he currently is in custody through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 12 day of _____ June _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01077-BNB

Anthony D. Locke
14436 E. 1st Drive, C-10
Aurora, CO 80011

        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 6/15/09

                                        GREGORY C. LANGHAM, CLERK


                                        By:_____
                                                        Deputy Clerk